**Mamadou CISSE, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General.**

No. 08–5276–ag.

United States Court of Appeals, Second Circuit.

Nov. 13, 2009.

Ronald S. Salomon, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Achiezer Guggenheim, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Mamadou Cisse, a native and citizen of Côte d'Ivoire, seeks review of a September 30, 2008 order of the BIA, affirming, in part, the June 28, 2006 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Cisse,* No. A097 486 222 (B.I.A. Sept. 30, 2008), *aff'g in part* No. A097 486 222 (Immig. Ct. N.Y. City June 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, because the BIA reversed the IJ's pretermission of Cisse's asylum application and the IJ's adverse credibility finding, we review the BIA's analysis of Cisse's asylum claim and assume his credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's determination that Cisse failed to demonstrated that he suffered persecution or that he had a well-founded fear of persecution on account of his race, religion, nationality, political opinion, or membership in a particular social group.

*See* 8 U.S.C. § 1101(a)(42); *see also* 8 C.F.R. § 1208.16(b)(1). As to past persecution, Cisse's only claim before the agency was that in Côte d'Ivoire, members of the Akan ethnic group attacked him and fellow shop owners for refusing to give away their merchandise and that security forces arrested everyone involved in the ensuing fight, including Akans. Thus, the agency did not err in concluding that Cisse failed to demonstrate that he had suffered past persecution on account of a protected ground or that the government of Côte d'Ivoire was unwilling to protect him. *See* 8 C.F.R. § 1208.13(b)(1); *see also Ivanishvili v. U.S. DOJ*, 433 F.3d 332, 342 (2d Cir.2006). Likewise, the agency did not err in finding that Cisse failed to demonstrate a well-founded fear of persecution on account of his ethnicity or that the government was unwilling to protect him from such persecution because the country conditions evidence in the record does not demonstrate that ethnic Akans specifically target ethnic Dioulas and because Cisse admitted that security forces arrested ethnic Akans who had fought with him in the past. *See* 8 U.S.C. § 1252(b)(4)(B). Because the agency did not err in finding that Cisse failed to demonstrate that he had suffered past persecution or that he has a well-founded fear of future persecution on account of a protected ground, it reasonably denied his application for asylum and withholding of removal. *See* 8 U.S.C. § 1101(a)(42); *see also* 8 C.F.R. § 1208.16(b)(1).

█ Substantial evidence also supports the agency's denial of Cisse's application for CAT relief. The act of torture is defined by the immigration regulations and the CAT, in pertinent part, as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person." *Pierre v. Gonzales*, 502 F.3d 109, 114 (2d Cir.2007) (quoting 8

C.F.R. § 208.18(a)(1) and citing CAT art. 1). Plainly, torture can occur within the walls of a prison. However, beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities acted with the specific intent to inflict severe physical or mental pain or suffering on those detained. *See id.* at 118–21. Cisse's testimony that he and the other prisoners did not receive adequate food or clothing in prison did not demonstrate that prison officials intentionally inflicted severe pain or suffering on him as required to establish CAT eligibility. *See id.* at 114–21. To the contrary, Cisse explained that when a few of the prisoners detained with him died, security forces released him and the other remaining prisoners who had been involved in the fight. Moreover, the agency did not err in finding that Cisse failed to demonstrate a likelihood of torture because he provided only generalized country conditions evidence demonstrating that some prisoners are tortured, which is insufficient to establish that individuals in Cisse's particular circumstances are more likely than not to be tortured in prison in Côte d'Ivoire. *See id.* at 118–21; *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005). Accordingly, substantial evidence supports the agency's finding that Cisse failed to establish his eligibility for CAT relief. *Id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.